FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM          INDEX NO. 28536/2018E
NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 07/23/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------x
THE ESTATE OF LONNIE LAMONT HAMILTON by
Lonnie Lee Hamilton, Administrator of Estate,

                        Plaintiff,

              -against-

JOSEPH C. MEAD and ALFRED ZEINA,




                        Defendants.
-------------------------------------------------------------------x

**Index No.:**

Plaintiff, Plaintiff designates
BRONX COUNTY as the place of
trial. The basis of venue is
plaintiff's residence.

**SUMMONS**

Plaintiff's residence is:
2680 Briggs Avenue, Apt. 2,
Bronx, New York 10458

**TO THE ABOVE-NAMED DEFENDANTS:**

    YOU ARE HEREBY SUMMONED and required to serve upon Plaintiff's attorneys an Answer to the Verified Complaint in this action within after the service of this Summons, exclusive of the date of the Summons, or within 30 days after service is complete if this Summons is not personally delivered to you within the State of New York. In case of your failure to answer or appear, judgment will be taken against you by default for the relief demanded in the Verified Complaint.

Dated: Bronx, New York
      July 11, 2018

                        Yours,

                        RICHARD L. GIAMPA, ESQ., P.C.
                        By: Eli Wagschal, Esq.
                        *Attorney for Plaintiff*
                        860 Grand Concourse, Suite 1H
                        Bronx, New York 10451
                        (718) 665-7700

Defendants' Addresses:

JOSEPH C. MEAD                    ALFRED ZEINA
9000 Old River Road              9000 Old River Road
Marcy, NY 13403                   Marcy, NY 13403

1

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM
NYSCEF DOC. NO. 2

INDEX NO. 28536/2018E
RECEIVED NYSCEF: 07/23/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------------x

LONNIE LEE HAMILTON, as the Administrator of
THE ESTATE OF LONNIE LAMONT HAMILTON,

                           **Index No.:**

              Plaintiff,

             -against-                      **VERIFIED COMPLAINT**

JOSEPH MEAD and ALFRED ZEINA,

              Defendants.

-------------------------------------------------------------------x

      Plaintiff, Lonnie Lee Hamilton, as Administrator of THE ESTATE OF LONNIE

LAMONT HAMILTON, by and through his attorney Eli Wagschal, Esq. of Richard L. Giampa,

Esq., P.C., alleges upon knowledge, information, and/or belief as follows:

### Preliminary Statement

    1.    Lonnie Lamont Hamilton (hereinafter "Decedent"), while incarcerated at Marcy

Correctional Facility, suffered malicious, sadistic, degrading and premeditated abuse by

correction officers JOSEPH MEAD and ALFRED ZEINA. Despite being on notice of the

substantial risk of harm to Decedent, the defendants acted with deliberate indifference to

Decedent's safety when they denied him recreation time and refused to provide him with food

while goading and encouraging Decedent to commit suicide.

    2.    Thereafter, on March 18, 2016, decedent was found dead, with one end of a strip of a

torn bedsheet tied around his neck, and the other end to a vent in the ceiling of his cell at Marcy

Correctional Facility, 9000 Old River Road, Marcy New York.

    3.    On October 20, 2016, the Surrogate's Court of the State of New York, Oneida

County, granted Letters of Administration to Lonnie Lee Hamilton, (*attached hereto as "Exhibit

A"*), qualifying him as the Administrator of the ESTATE OF LONNIE LAMONT HAMILTON.

2

**FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM**
NYSCEF DOC. NO. 2

INDEX NO. 28536/2018E
RECEIVED NYSCEF: 07/23/2018

4.    After Serving three Notices of Intent to Sue on the New York State Attorney General's Office, (*annexed hereto as "Exhibit B"*), plaintiff commenced an action in the New York State Court of Claims to recover damages against the State Of New York, Department Of Corrections And Community Supervision (hereinafter "DOCCS"), Marcy Correction Facility; Corrections Officers JOSEPH MEAD, ALFRED ZEINA, and Colleen Coppola in their official capacities; Sergeant Keith Marshall, Nurse Practitioner Karen Tourtelot, Rehabilition Counsellor Ii Julie Calato, Reverend Sherman Dunmore, and Superintendant Mark Kinderman. (*See Court of Claims Summons and Complaint Annexed hereto as "Exhibit C"*).

5.    Thereafter, the parties stipulated to discontinue the action against several defendants without prejudice, including individual defendants JOSEPH MEAD and ALFRED ZEINA. (*See Stipulation of Discontinuance attached hereto as "Exhibit D"*). The instant action is commenced against defendants JOSEPH MEAD and ALFRED ZEINA in their individual capacities.

## Jurisdiction and Venue

6.    This claim is brought pursuant to 42 U.S.C. §1983 based on violations of Decedent's rights under the Eight and First Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by New York's Civil Practice Law & Rules §301.[1]

7.    Venue is proper pursuant CPLR § 503(a) because prior to decedent's incarceration he was a resident of Bronx County, state of New York. Venue is also proper pursuant CPLR § 503(b) because Plaintiff Administrator is a resident of Bronx County, State of New York.

8.    All Defendants are being sued in their individual capacities.

9.    All of the causes of action pleaded herein fall within one or more of the exceptions set forth in CPLR §1602 with respect to joint and several liabilities.

---

[1] *See also Haywood v. Drown*, 556 U.S. 729 (2009) (State, as well as federal, courts are entrusted with providing forum for vindication of federal rights violated by state or local officials acting under color of state law).

3

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM

NYSCEF DOC. NO. 2

INDEX NO. 28536/2018E

RECEIVED NYSCEF: 07/23/2018

## The Parties

10.    Plaintiff Administrator is the natural father of decedent, Lonnie Lamont Hamilton, and resides in the County of Bronx, State of New York.

11.    Prior to incarceration, Decedent was a resident of Bronx County, State of New York.

12.    Officer JOSEPH MEAD, upon information and belief, is a resident of Oneida County in the State of New York, and was at all times relevant, employed as a corrections officer at Marcy Correctional Facility and/or DOCCS and/or the State of New York.

13.    Officer ALFRED ZEINA, upon information and belief, is a resident of Oneida County in the State of New York, and was at all times relevant, employed as a corrections officer at Marcy Correctional Facility and/or DOCCS and/or the State of New York.

14.    The above-stated Defendants were employees, agents and/or representatives of Marcy Correctional Facility and/or DOCCS and/or the State of New York and in the course and scope of their employment, agency or representation of the said departments and/or entities, performed duties and responsibilities as correctional facility persons acting pursuant to and under color of state law.

## Factual Allegations

15.    From on or about January 2, 2015, decedent was an inmate at Marcy Correctional Facility.

16.    The Decedent was on several anti-depression medications and had a history of depression, self-mutilation, and suicidal ideations while incarcerated within DOCCS custody.

17.    On March 15, 2016, while in solitary confinement, Decedent tried to tie a sheet around his neck. As a result, he was placed on suicide watch, which meant that he was not given any sheets or clothes—just a tear-proof smock to wear, and a tear-proof blanket.

4

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM

NYSCEF DOC. NO. 2

INDEX NO. 28536/2018E

RECEIVED NYSCEF: 07/23/2018

18.     The next day, March 16th, he was taken off suicide watch, but he remained in solitary confinement, in Cell 30.

19.     On March 18, 2016, Defendant Correction Officers MEAD and ZEINA were working as the Officers in charge of the Housing Unit containing the Decedent's cell.

20.     To punish the decedent for his suicide attempt and for the trouble he caused by having to be placed on suicide watch, the Defendant Correction Officers MEAD and ZEINA denied decedent food and recreation time and goaded and encouraged the decedent to commit suicide.

21.     The Defendant Correction Officers MEAD and ZEINA told decedent that he will not be receiving any food while they are assigned to his shift.

22.     On the morning of March 18, 2016, the Defendant Correction Officers MEAD and ZEINA denied decedent's request for recreation time, and when he complained, they sprayed him with a fire extinguisher through the food slot on his cell door.

23.     Upon decedent's several requests for food, the Defendant Correction Officers MEAD and ZEINA replied with statements such as, "I thought you're going to kill yourself;" "you should just kill yourself;" "you don't need food, you're going to be dead anyway;" and "do us a favor and kill yourself."

24.     After kicking and banging his cell door for at least fifteen minutes, begging for food, the Defendant Correction Officers MEAD and ZEINA blasted the air conditioning to freeze him and prevent him from talking with other inmates through the vents.

25.     As a result of the foregoing torture, decedent tied a torn strip of bedsheet to a vent in his ceiling, and then he tied the other end around his neck.

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM          INDEX NO. 28536/2018E
NYSCEF DOC. NO. 2                                      RECEIVED NYSCEF: 07/23/2018

26.    At about 11:24 A.M., while making rounds, the Defendant Correction Officers

MEAD and ZEINA looked inside decedent's cell and saw him hanging from the ceiling, his left

leg on the bed and his right leg on the floor. At that point the defendants thought that he was still

conscious.

27.    Defendant Correction Officers MEAD and ZEINA did not immediately order the

door to be opened but instead decided that assistance was needed, but Defendant MEAD

instructed defendant ZEINA not to make the call as it will involve a lot of paperwork, and they

both walked away without calling for help.

28.    A third officer radioed the sergeant, who arrived in about two minutes. By the time

the men cut him down and started C.P.R., it was too late. Decedent was taken to St. Elizabeth

Medical Center, where he was pronounced dead at 12:36 P.M.

29.    Decedent was last seen alive at approximately 11:00 a.m. on March 18, 2016 by the

Defendant Correction Officers MEAD and ZEINA while they were making their rounds.

30.    From 11:00 a.m. until 11:24 a.m., the decedent was left in his cell unattended with the

air-conditioning blasting.

31.    In the hours prior to his death, the Defendant Correction Officers MEAD and ZEINA

denied decedent his right to recreation time, tortured the decedent by lowering the temperature of

his cell and refused to provide him with food, encouraged the decedent to commit suicide, and

failed to assist the decedent while he was dying of asphyxiation.

6

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM
NYSCEF DOC. NO. 2

INDEX NO. 28536/2018E
RECEIVED NYSCEF: 07/23/2018

## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983 Arising Out of Cruel and Unusual Punishment)

32.     Plaintiff restates and re-alleges the allegations contained in Paragraphs 1 through 31 as though fully set forth herein.

33.     As a citizen of the United States and a resident of Marcy Correctional Facility located in the State of New York, Decedent was entitled to all rights, privileges and immunities accorded to all incarcerated citizens of the State of New York and of the United States.

34.     At all times relevant, all Defendants were acting within the course and scope of their employment with Marcy Correctional Facility and/or DOCCS and/or the State of New York.

35.     At all times relevant, pursuant to the Eight Amendment of the United States Constitution, Decedent had a right to be free from cruel and unusual punishment while incarcerated and under the custody and control of the State of New York at Marcy Correctional Facility.

36.     At all times relevant, Decedent had a right to adequate and sufficient care such that his life would be preserved and he at all times would be free from needless unjustified and preventable pain, suffering and deterioration of his health and well-being.

37.     At all times, Defendant Correction Officers MEAD and ZEINA, with malice, recklessness and/or deliberate indifference kept the Decedent housed or located in a cell having excessively cold temperatures, without adequate fluids or food and under the influence of medications all of which combined in whole or in part to cause pain, suffering, deterioration of health and ultimately death of the Decedent.

38.     On or about March 18, 2016, Decedent's health and well-being began to deteriorate as a result of the excessive cold, inadequate fluids or food, and the malicious, sadistic, degrading and premeditated verbal abuse the Decedent was forced to endure.

7

39.   During the time that Decedent's health continued to deteriorate, the Defendant Correction Officers MEAD and ZEINA, pursuant to the Eight Amendment, were required to provide adequate care for the Decedent, including but not limited to food, fluid, recreation activity, and normal cell temperatures. To the contrary, however, the Defendants with malice, recklessness and/or deliberate indifference, not only failed to provide such care, but engaged in affirmitive acts of sadistic torture and abuse.

40.   Upon observing the decedent hanging from the ceiling, the Defendant Correction Officers MEAD and ZEINA, pursuant to the Eight Amendment, were required to take action including but not limited to opening the decedent's cell door, cut him down, and call for assistance. However, the Defendant Correction Officers MEAD and ZEINA, with malice, recklessness and/or deliberate indifference, not only failed to provide such care, but sadistically refused to call for help in an effort to avoid paperwork.

41.   The actions and/or omissions of the Defendant Correction Officers MEAD and ZEINA constitute a deliberate indifference to the needs of the Decedent and demonstrate a reckless, willful and/or wanton disregard for the health and safety of the Decedent thereby denying him the constitutional right to be free from cruel and unusual punishment as provided by the Eight Amendment to the United States Constitution.

42.   The actions and/or omissions of the Defendant Correction Officers MEAD and ZEINA were both sadistic in nature and the cause of serious permanent physical injuries upon Decedent.

43.   That Defendant Correction Officers MEAD and ZEINA had no good-faith belief that their actions and/or omissions was used to maintain or restore discipline against decedent, but maliciously intended to cause grievous bodily injury and emotional harm to him.

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM
NYSCEF DOC. NO. 2

INDEX NO. 28536/2018E
RECEIVED NYSCEF: 07/23/2018

44.     That Defendant Correction Officers MEAD and ZEINA's actions and/or omissions to punish decedent was objectively harmful enough to cause a serious physical injury to decedent.

45.     The cruel and inhuman treatment inflicted upon the decedent by the Defendant Correction Officers MEAD and ZEINA violated his Eighth Amendment right to be free from cruel and unusual punishments.

46.     As a direct and proximate result of the actions and/or omissions of the Defendant Correction Officers MEAD and ZEINA, Plaintiff's Decedent suffered great physical pain, discomfort, loss of mental capacity, humiliation, degradation and suffering.

47.     As a direct and proximate result of the actions and/or omissions of the Defendant Correction Officers MEAD and ZEINA, Plaintiff's Decedent died.

48.     As a direct and proximate result of the acts and/or omissions of the Defendant Correction Officers MEAD and ZEINA, Plaintiff has sustained and is entitled to compensation for conscious pain and suffering of the Deceased, funeral, burial and economic costs and/or damages, loss of support, loss of gifts and gratuities and loss of love, society and companionship.

49.     By the aforementioned actions and/or omissions, Defendant Correction Officers MEAD and ZEINA have deprived Plaintiff's Decedent of the rights secured by the Eight Amendment to the United States Constitution in violation of 42 U.S.C. §1983 and has been damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

9

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM

NYSCEF. DOC. NO. 2

INDEX NO. 28536/2018E

RECEIVED NYSCEF: 07/23/2018

## SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983 based on Violation of Plaintiff's First Amendment Rights)

50.     Plaintiff restates and re-alleges the allegations contained in Paragraphs 1 through 49 as though fully set forth herein.

51.     Defendant Correction Officers MEAD and ZEINA assaulted decedent because he engaged in speech and associational activity protected by the First Amendment.

52.     As a direct result of Defendant Correction Officers MEAD and ZEINA's willful, malicious, and/or recklessly indifferent actions, undertaken because of plaintiff's speech and association – i.e., request for recreation and food - plaintiff was assaulted, battered, and otherwise subjected to violent, cruel and unusual punishment by defendants, of the sort that would chill a person of ordinary firmness from continuing to engage in such protected conduct.

53.     Because plaintiff was treated more harshly, in whole or in part, by Defendant Correction Officers MEAD and ZEINA in retaliation for plaintiff's protected speech and association, these defendants are liable for violating plaintiff's First Amendment rights.

54.     As a result of the foregoing, plaintiff was severely and seriously physically and mentally injured, suffered a loss of enjoyment of life, suffered great indignity and humiliation, was held up to scorn and ridicule, was injured in his person, and suffered economic loss and other damages.

55.     Defendant Correction Officers MEAD and ZEINA are sued in their individual capacities.

56.     The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

10

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM

NYSCEF DOC. NO. 2

INDEX NO. 28536/2018E

RECEIVED NYSCEF: 07/23/2018

**WHEREFORE,** plaintiff demands the following relief jointly and severally against each

Defendant Correction Officers MEAD and ZEINA:

a) Compensatory damages in an amount against defendants herein which exceeds the

jurisdictional limits of all lower Courts that might otherwise have jurisdiction herein;

b) Punitive damages in an amount to be determined by a jury;

c) The convening of a jury to consider the merits of the claims herein;

d) Attorney's fees pursuant to 42 U.S.C. § 1988;

e) An award of plaintiff's costs of suit;

f) Pre-judgment and post-judgment interest; and

g) Such other further relief as this Court may deem appropriate and equitable, including

injunctive and declaratory relief as may be required in the interest of justice.

Dated: Bronx, New York
      July 11, 2018

Yours,

RICHARD L. GIAMPA, ESQ., P.C.
By: Eli Wagschal, Esq.
*Attorney for Plaintiff*
860 Grand Concourse, Suite 1H
Bronx, New York 10451
(718) 665-7700

11

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM

NYSCEF DOC. NO. 2

INDEX NO. 28536/2018E

RECEIVED NYSCEF: 07/23/2018

## VERIFICATION

STATE OF NEW YORK          )

COUNTY OF BRONX          ) ss.:

LONNIE LEE HAMILTON, being duly sworn, deposes and states:

I am the Administrator of the Estate of decedent, LONNIE LAMONT HAMILTON, in the within matter. I have read the annexed Complaint and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.

_____
LONNIE LEE HAMILTON

Sworn to before me this 19th

day of _____July_____, 2018

_____
Notary Public

MELANIE QUILES
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01QU6155011
QUALIFIED IN BRONX COUNTY
COMMISSION EXPIRES OCT 28 20 18

12

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM
NYSCEF DOC. NO. 2

INDEX NO. 28536/2018E
RECEIVED NYSCEF: 07/23/2018

## STATEMENT PURSUANT TO 22 NYCRR 130-1.1

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: Bronx, New York
      July 11, 2018

                                      RICHARD L. GIAMPA, ESQ., P.C.
                                        By: Eli Wagschal, Esq.
                                        *Attorney for Plaintiff*
                                        860 Grand Concourse, Suite 1H
                                        Bronx, New York 10451
                                        (718) 665-7700

13

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM

NYSCEF DOC. NO. 3

INDEX NO. 28536/2018E

RECEIVED NYSCEF: 07/23/2018

# Exhibit "A"

**FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM**    INDEX NO. 28536/2018E

NYSCEF DOC. NO. 3                                        RECEIVED NYSCEF: 07/23/2018

*On the Date Written Below LETTERS are Granted by the Surrogate's Court, State of New York as follows:*

Name of Decedent:    Lonnie Hamilton              File #: 2016-798
                     AKA   Lonnie Lamont Hamilton    Date of Death: March 18, 2016

Domicile of Decedent:  6100 School Rd, Rome, NY

Fiduciary Appointed:  Lonnie Lee Hamilton
Mailing Address        2680 Briggs Ave, Apt 2
                       Bronx NY 10458

Letters Issued:        LETTERS OF ADMINISTRATION WITH LIMITATIONS

Limitations:
AS TO ANY POSSIBLE CAUSE OF ACTION, SAID ADMINISTRATOR IS RESTRAINED FROM ANY
COMPROMISE THEREOF OR ENFORCEMENT OF ANY JUDGMENT THEREON UNTIL FURTHER ORDER
OF THIS COURT.

THESE LETTERS, granted pursuant to a decree entered by the court, authorize and empower the
above-named fiduciary or fiduciaries to perform all acts requisite to the proper administration and
disposition of the estate/trust of the Decedent in accordance with the decree and the laws of New York
State, subject to the limitations and restrictions, if any, as set forth above.

Dated: October 20, 2016                  IN TESTIMONY WHEREOF, the seal of the Oneida
                                         County Surrogate's Court has been affixed.

                                         WITNESS, Hon Louis P. Gigliotti, Judge of the
                                         Oneida County Surrogate's Court.

                                         *Kristine K. Peckena*

                                         Kristine K. Pechsone, Chief Clerk

*These Letters are Not Valid Without the Raised Seal of the Oneida County Surrogate's Court*

Attorney:
Zachary K Giampa
Giampa Law
860 Grand Concourse 1H
Bronx NY 10451

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM
NYSCEF DOC..NO. 4

INDEX NO. 28536/2018E
RECEIVED NYSCEF: 07/23/2018

# Exhibit "B"

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM

NYSCEF DOC. NO. 4

INDEX NO. 28536/2018E

RECEIVED NYSCEF: 07/23/2018

## NOTICE OF INTENT TO SUE

### In the Matter of the Claim of
### Lonnie Lee Hamilton

-against-

### State of New York, New York State Department of Corrections, Marcy Correctional Facility, Deputy Superintendant Mark Kinderman, Reverend Sherman Dunmore

TO:

PLEASE TAKE NOTICE that the undersigned claimant(s) hereby make(s) claim and demand against you as follows:

1.     The name and post-office address of each claimant and claimant's attorney is:

GIAMPÁ LAW                          Lonnie Lee Hamilton
860 Grand Concourse, Suite 1H       (Father of Lonnie Lamont Hamilton)
Bronx, New York 10451               2680 Briggs Avenue, Apt #2
(718) 665-7700                      Bronx, New York 10458

2.     The nature of the claim: The decedent Lonnie Lamont Hamilton Din#15A0020 an inmate at the Marcy Correctional Facility died in the custody of Department of Corrections and Marcy Correctional Facility. The facility failed to notify his family including but not limited to his father, of his death and then without consent of the family/father buried the body of the decedent on the grounds of the correctional facility. After the burial the defendants continually failed to notify the family of their son's death. The current claim is for loss of Sepulcher and negligent infliction of emotional distress. The correctional facility and its employees failed to follow their own procedures for notifying the family of a death at their facility. Be advised that it is anticipated that upon the granting of Letters of Administration for the Estate for Lonnie Lamont Hamilton, the Estate will serve its own Notice of Intent against the same parties for wrongful death.

3.     The time when, the place where and the manner in which the claim arose: At approximately 12:30 p.m. on the 18th of March 2016 Lonnie Lamont Hamilton was declared dead by a Medical Provider. The cause of action continued after the death because of their continued failure to notify the family of their son's death which deprived the family of their right to sepulcher. The death occurred at the Marcy Correctional Facility.

4.     The items of damage or injuries claimed are (do not state dollar amount): Loss of Sepulcher, emotional distress, failure to allow the family to properly grieve the loss of Lonnie Lamont Hamilton, failure to allow the family to provide proper burial. It is anticipated that additional damages will be added for the Estate once Letters of Administration have been granted and an Estate has been created.

*The undersigned claimant(s) therefore present this claim for adjustment and payment. You are hereby notified that unless it is adjusted and paid within the time provided by law from the date of presentation to you, the claimant(s) intend(s) to commence an action on this claim.*

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM
NYSCEF DOC.. NO. 4

INDEX NO. 28536/2018E
RECEIVED NYSCEF: 07/23/2018

_Attorney (s) for Claimant (s)_
_Office and Post Office Address, Telephone Number_

**GIAMPA LAW**
**860 Grand Concourse, Suite 1H**
**Bronx, New York 10451**
**(718) 665-7700**

## _INDIVIDUAL VERIFICATION_

_State of New York, County of_                    _ss.:_

_being duly sworn, deposes and says that deponent is the claimant in the within action; that ...he
has read the foregoing Notice of Claim and knows the contents thereof; that the same is true to
deponent's own knowledge, except as to the matters therein stated to be alleged on information
and belief, and that as to those matters deponent believes it to be true._

_Sworn to before me, this_ ___9___

_Day of_ ___June_____ , 2016

_NOTARY PUBLIC_

Zachary Giampa
Notary Public, State of New York
No. #02GI6168723
Qualified in New York County
Commission Exp. 06-18- _2019_

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM
NYSCEF DOC. NO. 4

INDEX NO. 28536/2018E
RECEIVED NYSCEF: 07/23/2018

OUR
COPY

## Notice of Intent to Sue

### In the Matter of the Claim of

**Estate of Lonnie Lamont Hamilton, and Lonnie Lee Hamilton, as
Administrator of the Estate,**

-against-

**STATE OF NEW YORK, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION, MARCY CORRECTIONAL FACILITY, and JOHNS DOES,
A, B, C, ETC. (whose names are unknown, but are known to be corrections officers working at
Marcy Correctional Facility in Shoe from March 16-18, 2016).**

TO:      PLEASE TAKE NOTICE that the undersigned claimant(s) hereby make(s) claim and demand against
you as follows:

1.      The name and post-office address of each claimant and claimant's attorney is:
       GIAMPA LAW                           Lonnie Lee Hamilton
       860 Grand Concourse, Suite 1H       (Administrator for the Estate of
       Bronx, New York 10451               Lonnie Lamont Hamilton)
       (718) 665-7700                       2680 Briggs Avenue, Apt #2
                                            Bronx, New York 10458

2.      The nature of the claim:
              This is a claim for the negligent supervision, negligence and wrongful death, where the
       decedent, Lonnie Lamont Hamilton (DIN #15A0020) an inmate, died in the custody of the Department
       of Corrections and Marcy Correctional facility. The corrections officers and administrative staff
       overseeing the decedent's supervision failed to take appropriate action in placing Mr. Hamilton on and
       off suicide watch, and performing acts of mental and physical abuse and torture causing the decedent to
       commit suicide.

3.      The time when, the place where and the manner in which the claim arose:
              At approximately 12:30 p.m. on the 18th of March, 2016, Lonnie Lamont Hamilton was
       declared dead by a Medical Provider. Lonnie Lamont Hamilton hung himself with a bed sheet while in
       solitary confinement. The days preceding his death, the Marcy Correctional Facility and its corrections
       officers improperly and inhumanely treated Lonnie Lamont Hamilton. While on solitary confinement,
       officers and the correctional facility failed to follow correctional facility procedures and directives;
       officers refused to provide Hamilton with meals for a period of time exceeding 24 hours; failed to
       accurately supervise and assess Hamilton's mental health while on suicide watch, and improperly
       removed him from suicide watch; denied his right to recreation; "wet" his cell when he objected to the
       this treatment and decreased cell temperatures; corrections officers goaded and encouraged Hamilton to
       commit suicide; failed to provide Hamilton with proper tear-away bed sheets and clothing while on
       suicide watch; corrections officers failed to promptly come to the aid of Hamilton when he was in need
       of medical attention. Facility personnel also failed to provide 24 hour supervision which is precedent for
       all inmates who express suicidal ideations like the decedent.

4.      The items of damage or injuries claimed are (do not state dollar amount):
              - Death                              - Emotional Distress
              - Loss of Earning Capacity          -Abuse
              -Torture                             - Fear of impending death
              - Physical and mental pain &        - Violation of State and Federal
                suffering                           Constitutional Rights

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM

NYSCEF DOC. NO. 4

INDEX NO. 28536/2018E

RECEIVED NYSCEF: 07/23/2018

*The undersigned claimant(s) therefore present this claim for adjustment and payment. You are hereby notified that unless it is adjusted and paid within the time provided by law from the date of presentation to you, the claimant (s) intend (s) to commence an action on this claim.*

Dated: OCTOBER 25, 2016

_____
_____
Attorney (s) for Claimant (s)
Office and Post Office Address, Telephone Number

**GIAMPÁ LAW**
**860 Grand Concourse, Suite 1H**
**Bronx, New York 10451**
**(718) 665-7700**

### INDIVIDUAL VERIFICATION

State of New York, County of                          ss.:

*being duly sworn, deposes and says that deponent is the claimant in the within action; that ...he has read the foregoing Notice of Claim and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.*

Sworn to before me, this ___12___

Day of ___July_____, 2016

NOTARY PUBLIC

JENNY BARTOLOMEY
Notary Public, State of New York
No. 01BA6100487
Qaulified in Bronx County
Commission Expires Oct 20, 20 19

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM

NYSCEF DOC. NO. 4

INDEX NO. 28536/2018E

RECEIVED NYSCEF: 07/23/2018

Supplemental Notice of Intent to Sue

In the Matter of the Claim of

RECEIVED
NYS OFFICE OF THE
DEC 16 2016
ATTORNEY GENERAL
CLAIMS BUREAU

Estate of Lonnie Lamont Hamilton, and Lonnie Lee Hamilton,
individually and as Administrator of the Estate,

-against-

**STATE OF NEW YORK, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, MARCY CORRECTIONAL FACILITY, CORRECTIONS OFFICER JOSEPH MEAD, CORRECTIONS OFFICER ALFRED ZEINA, CORRECTIONS OFFICER COLLEEN COPPOLA, SERGEANT KEITH MARSHALL, NURSE PRACTITIONER KAREN TOURTELOT, REHABILITATION COUNSELOR II JULIE CALATO and "JOHN DOES", A, B, C, ETC. (whose names are unknown, but are known to be corrections officers and employees working at Marcy Correctional Facility in SHU from March 16-18, 2016).**

TO:   PLEASE TAKE NOTICE that the undersigned claimant(s) hereby make(s) claim and demand against you as follows (and this notice shall be read in conjunction with all previous Notice of Intent to Sue):

1.   The name and post-office address of each claimant and claimant's attorney is:

GIAMPÁ LAW
860 Grand Concourse, Suite 1H
Bronx, New York 10451
(718) 665-7700

Lonnie Lee Hamilton
(Administrator for the Estate of
Lonnie Lamont Hamilton)
2680 Briggs Avenue, Apt #2
Bronx, New York 10458

2.   The nature of the claim:

This is a claim for the negligent supervision, negligence, medical malpractice, and wrongful death, where the decedent, Lonnie Lamont Hamilton (DIN #15A0020) an inmate, died in the custody of the Department of Corrections and Marcy Correctional facility. The corrections officers and administrative staff overseeing the decedent's supervision failed to take appropriate action in placing Mr. Hamilton on and off suicide watch, and performing acts of mental and physical abuse and torture causing the decedent to commit suicide.

3.   The time when, the place where and the manner in which the claim arose:

At approximately 12:30 p.m. on the 18th of March, 2016, Lonnie Lamont Hamilton was declared dead by a Medical Provider. Lonnie Lamont Hamilton hung himself with a bed sheet while in solitary confinement. The days preceding his death, the Marcy Correctional Facility and its corrections officers improperly and inhumanely treated Lonnie Lamont Hamilton. While on solitary confinement, officers and the correctional facility failed to follow correctional facility procedures and directives; officers refused to provide Hamilton with meals for a period of time exceeding 24 hours; failed to accurately supervise and assess Hamilton's mental health while on suicide watch, and improperly removed him from suicide watch; unjustifiably stopped providing Hamilton his anti-depressant/psychotic medication; denied his right to recreation; "wet" his cell when he objected to the this treatment and decreased cell temperatures; corrections officers goaded and encouraged Hamilton to commit suicide; failed to provide Hamilton with proper tear-away bed sheets and clothing while on

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM

NYSCEF DOC. NO. 4

INDEX NO. 28536/2018E

RECEIVED NYSCEF: 07/23/2018

suicide watch; corrections officers failed to promptly come to the aid of Hamilton when he was in need of medical attention. Facility personnel also failed to provide 24-hour supervision which is precedent for all inmates who express suicidal ideations like the decedent. This response should also be read in supplement to the two (2) previously filed Notice of Intent to Sue regarding this same event.

4.     **The items of damage or injuries claimed are (do not state dollar amount):**

- Death                              - Physical and mental pain and suffering
- Emotional Distress                 - Loss of Earning Capacity
- Abuse                              - Torture
- Fear of impending death            - Medical malpractice
- Loss of sepulcher                  - Violation of State and Federal
                                       Constitutional Rights

*The undersigned claimant(s) therefore present this claim for adjustment and payment. You are hereby notified that unless it is adjusted and paid within the time provided by law from the date of presentation to you, the claimant (s) intend (s) to commence an action on this claim.*

*Dated: December 7, 2016*

Lonnie Lee Hamilton

_____
*Attorney (s) for Claimant (s)*
*Office and Post Office Address, Telephone Number*

**GIAMPÁ LAW**
**860 Grand Concourse, Suite 1H**
**Bronx, New York 10451**
**(718) 665-7700**

### INDIVIDUAL VERIFICATION

*State of New York, County of* Bronx *ss.:*

*being duly sworn, deposes and says that deponent is the claimant in the within action; that ...he has read the foregoing Notice of Claim and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.*

*Sworn to before me, this* 8th

*Day of* December *, 2016*

NOTARY PUBLIC

JENNY BARTOLOMEY
Notary Public, State of New York
No. 01BA6100487
Qualified in Bronx County
Commission Expires Oct 20, 2019

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM

NYSCEF DOC..NO. 5

INDEX NO. 28536/2018E

RECEIVED NYSCEF: 07/23/2018

# Exhibit "C"

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM

NYSCEF DOC.. NO. 5

INDEX NO. 28536/2018E

RECEIVED NYSCEF: 07/23/2018

STATE OF NEW YORK : COURT OF CLAIMS

---------------------------------------------------------------X

ESTATE OF LONNIE LAMONT HAMILTON, and
LONNIE LEE HAMILTON, individually and as
Administrator of Estate,

                              Claimant,                                    **CLAIM NO.:** _____

                    -against-

STATE OF NEW YORK, NEW YORK STATE                          **VERIFIED CLAIM**
DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION, MARCY
CORRECTIONAL FACILITY, CORRECTIONS
OFFICER JOESPH MEAD, CORRECTIONS
OFFICER ALFRED ZBINA, CORRECTIONS
OFFICER COLLEEN COPPOLA, SERGEANT
KEITH MARSHALL, NURSE PRACTITIONER
KAREN TOURTELOT, REHABILITATION
COUNSELLOR II JULIE CALATO, REVEREND
SHERMAN DUNMORE, SUPERINTENDANT
MARK KINDERMAN, "MR. SMITH" (whose
name is unknown but who is known to be a
counsellor and employee working at Marcy
Correctional Facility in SHU from March 16-18,
2016), and "JOHN DOES" and/or "JANE DOES"
A, B, C, ETC. (whose names are unknown, but who
are known to be corrections officers and employees
working at Marcy Correctional Facility in SHU from
March 16-18, 2016),

                              Defendants.

---------------------------------------------------------------X

      Claimant ESTATE OF LONNIE LAMONT HAMILTON (hereinafter "HAMILTON"),

and LONNIE LEE HAMILTON, individually and as Administrator of the Estate (hereinafter

"ADMINISTRATOR") by his attorney Richard L. Giampa, Esq., P.C. complaining of the

defendants, STATE OF NEW YORK (hereinafter "STATE"), DEPARTMENT OF

CORRECTIONS AND COMMUNITY SUPERVISION (hereinafter "DOCCS"), MARCY

CORRECTION FACILITY (hereinafter "MARCY"), CORRECTIONS OFFICER JOSEPH

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM

NYSCEF DOC. NO. 5

INDEX NO. 28536/2018E

RECEIVED NYSCEF: 07/23/2018

MEAD (hereinafter "CO MEAD"), CORRECTIONS OFFICER ALFRED ZEINA (hereinafter "CO ZEINA"), CORRECTIONS OFFICER COLLEEN COPPOLA (hereinafter "CO COPPOLA"), SERGEANT KEITH MARSHALL (hereinafter "SGT. MARSHALL"), NURSE PRACTITIONER KAREN TOURTELOT (hereinafter "NP TOURTELOT"), REHABILITION COUNSELLOR II JULIE CALATO (hereinafter "COUNSELLOR CALATO"), REVEREND SHERMAN DUNMORE (hereinafter "REV. DUNMORE"), SUPERINTENDANT MARK KINDERMAN (hereinafter "SUPT. KINDERMAN"), "MR. SMITH" (whose name is unknown but who is known to be a counsellor and employee at Marcy Correctional Facility in SHU from March 16-18, 2016), and "JOHN" and/or "JANE DOES" A, B, C, ETC. (whose names are unknown but who are known to be corrections officers and employees working at Marcy Correctional Facility in SHU from March 16-18, 2016), alleges and shows the Court the following:

1.  That at all times hereinafter mentioned, decedent HAMILTON was an inmate at MARCY located at Marcy Correctional Facility, 9000 Old River Road, Marcy New York.

2.  That at all times hereinafter mentioned, Claimant ADMINISTRATOR was and still is the natural father of decedent, HAMILTON and resided and still resides at 2680 Briggs Avenue, Apt. 2, Bronx, New York 10458.

3.  That on March 18, 2016, decedent HAMILTON died at Marcy Correctional Facility and was pronounced dead at St. Elizabeth Medical Center, the factual allegations of which are set forth hereinbelow.

4.  On October 20, 2016, Letters of Administration were issued and granted to Claimant, ADMINISTRATOR by the Surrogate's Court of the State of New York, Oneida County, with Claimant, ADMINISTRATOR qualified and acting as Administrator of the ESTATE OF LONNIE LAMONT HAMILTON.

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM
NYSCEF ,DOC.. NO. 5

INDEX NO. 28536/2018E
RECEIVED NYSCEF: 07/23/2018

5.     The decedent HAMILTON is survived by LONNIE LEE HAMILTON, his natural father and Calandra Walker, his natural mother.

6.     That at all times hereinafter mentioned, Defendant STATE was and still is a political subdivision within the United States of America with its principle offices located at c/o The Capitol, Albany New York 12224.

7.     That at all times hereinafter mentioned, Defendant STATE was and still is under a duty to provide reasonable and adequate supervision, care and treatment to inmates at MARCY.

8.     That at all times hereinafter mentioned, defendant MARCY was and still is a correctional facility owned and/or operated and/or maintained by Defendant STATE and/or DOCCS.

9.     That at all times hereinafter mentioned, defendant DOCCS was and still is a department or agency of the STATE that was and is responsible for the appointment, training, supervision, promotion and discipline of officers and/or employees of MARCY CORRECTIONAL FACILITY, including defendants CO MEAD, CO ZEINA, CO COPPOLA, SGT. MARSHALL, NP TOURTELOT, COUNSELLOR CALATO, REV. DUNMORE, SUPT. KINDERMAN, MR. SMITH and JOHN and/or JANE DOES.

10.     That at all times hereinafter mentioned, defendants CO MEAD, CO ZEINA, CO COPPOLA, SGT. MARSHALL, NP TOURTELOT, COUNSELLOR CALATO, REV. DUNMORE, SUPT. KINDERMAN, MR. SMITH and JOHN and/or JANE DOES were employees of defendant STATE and/or MARCY and/or DOCCS.

11.     That at all times hereinafter mentioned, any and/or all of the defendants, STATE and/or MARCY and/or DOCCS, jointly, severally, concurrently and/or individually, were responsible for the negligent acts and/or omissions of its agents, servants and/or employees,

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM

NYSCEF DOC. NO. 5

INDEX NO. 28536/2018E

RECEIVED NYSCEF: 07/23/2018

including, but not limited to, defendants, CO MEAD, CO ZEINA, CO COPPOLA, SGT. MARSHALL, NP TOURTELOT, COUNSELLOR CALATO, REV. DUNMORE, SUPT. KINDERMAN, MR. SMITH and JOHN and/or JANE DOES, under the theory of *respondeat superior*.

12.     A Notice of Intent to Sue was originally served on the New York State Attorney General's Office on or about June 10, 2016 which was in 90 days of accrual. A Supplemental Notice of Intent to Sue was served on October 26, 2016, December 8, 2016 and December 23, 2016 which were within 90 days of the appointment of an estate administrator. Said Notices were received by the New York State Attorney General's Office on or about June 15, 2016, October 28, 2016, December 16, 2016 and January 3, 2017, respectively. Claimant's original Notices of Intent to Sue were all timely and, likewise, the institution of this action is also timely.

## FACTUAL ALLEGATIONS

13.     From on or about January 2, 2015, decedent HAMILTON was an inmate at defendant facility, MARCY.

14.     Upon information and belief, decedent HAMILTON had a history of depression and suicidal ideations, which was known to each and/or all of the defendants' herein named and/or unnamed, jointly, severally, concurrently and/or individually, and decedent HAMILTON had been threatening to kill himself. The decedent had a long history of depression while incarcerated within DOCCS custody. As a result of such recent threats, he attempted to kill himself on March 15, 2016, was placed on suicide watch on or about March 16, 2016 and was improperly and prematurely taken off suicide watch on March 17, 2016, thereby removing him from constant supervision.

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM
NYSCEF DOC. NO. 5

INDEX NO. 28536/2018E

RECEIVED NYSCEF: 07/23/2018

15.    Upon information and belief, prior to March 16, 2016, decedent HAMILTON was placed into and was being held in solitary confinement and remained there until his death on March 18, 2016.  In the days and hours leading up until his death the decedent was denied food, denied recreation time, otherwise tortured, taunted by each and/or all of the defendants' herein named and/or unnamed, jointly, severally, concurrently and/or individually and was goaded and encouraged by said defendants to commit suicide and was given bedsheets and/or clothing with which he could use as a hanging device.  He was last seen alive at approximately 11:00 a.m. on March 18, 2016 by an officer who was making rounds.

16.    Upon information and belief, decedent HAMILTON was left unattended for a period of time after being observed alive at 11:00 a.m.  Upon information and belief, in the hours prior to his death, HAMILTON verbally expressed his desire to commit suicide to the defendants.  The next time he was observed, it was discovered that he had hanged himself with portions of torn bed sheets.

17.    Upon information and belief, an ambulance was called at approximately 11:33 a.m. and decedent HAMILTON was taken to St. Elizabeth Medical Center located at 2209 Genesee St, Utica, NY 13501, where he was pronounced dead at approximately 12:36 p.m.

18.    Upon information and belief, Onondaga County Medical Examiner's office examined decedent HAMILTON's body on or about March 19, 2016.

19.    Upon information and belief, on or about March 22, 2016, defendant facility MARCY, along with defendant SUPT. KINDERMAN, arranged for decedent HAMILTON's body to be prepared for burial by T. Revels-Gibson Funeral Services, Inc.

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM

NYSCEF DOC. NO. 5

INDEX NO. 28536/2018E

RECEIVED NYSCEF: 07/23/2018

20.     Upon information and belief, on or about March 28, 2016, decedent HAMILTON's body was buried in a plain, wooden box, in STATE issued inmate clothing, without embalming at a cemetery located on the grounds of the defendant facility, MARCY.

21.     Upon information and belief, within the 11-day period between the date of decedent HAMILTON's death and the date of his burial, defendants, STATE, MARCY CORRECTIONAL FACILITY, DOCCS, REV. DUNMORE, MR. SMITH and SUPT. KINDERMAN, failed to make appropriate attempts to contact the decedent HAMILTON's family to notify them of his death and determine how the family wanted to handle the remains.

22.     Upon information and belief, within the 11-day period between the date of decedent HAMILTON's death and the date of his burial, no phone contact was made with any member of the decedent's family and no certified letters were mailed to Claimant, ADMINISTRATOR's address at 2680 Briggs Avenue, Apartment 2, Bronx, New York 10458, which is the location where decedent HAMILTON was originally arrested for the imprisoned offenses. The address was admittedly known by decedent HAMILTON's prison counsellor, defendant MR. SMITH. The address is also where Claimant, ADMINISTRATOR resided during decedent HAMILTON's incarceration and currently still resides. No adequate attempts were made to contact decedent HAMILTON's mother, whom the administrator's of the defendant facility MARCY, knew was residing in Georgia.

23.     Upon information and belief, there was no outreach to local Bronx county law enforcement to attempt to locate decedent HAMILTON's family.

24.     As a result of all of the above, decedent HAMILTON's body was buried on prison grounds without the knowledge or consent of decedent HAMILTON's family thereby depriving them of their right to sepulcher.

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM

NYSCEF DOC. NO. 5

INDEX NO. 28536/2018E

RECEIVED NYSCEF: 07/23/2018

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST EACH and/or EVERY DEFENDANT HEREIN NAMED
### AND/OR UNNAMED, joint, severally concurrently, and/or individually
### -NEGLIGENT SUPERVISION-

25.    Claimant, ADMIINSTRATOR hereby realleges and incorporates by reference each and every allegation numbered "1" through "26" above as if fully set forth herein.

26.    On March 18, 2016, decedent Hamilton hanged himself at defendant facility, MARCY. As noted above, decedent HAMILTON clearly made it known that he was going to commit suicide and had suicidal ideations. Decedent HAMILTON was placed on suicide watch on March 16, 2017; however, despite his history of depression and despite each and/or all of the defendants' herein named and/or unnamed, jointly, severally, concurrently and/or individually, being aware of the serious risk that decedent HAMILTON would harm himself, and despite decedent HAMILTON's numerous pleas for help, each and/or all of the defendants' herein named and/or unnamed, jointly, severally, concurrently and/or individually, acted with deliberate indifference and failed to protect decedent HAMILTON from himself. Decedent HAMILTON was prematurely taken off suicide watch within one day, on March 17, 2016, was taunted, goaded and encouraged by each and/or all of the defendants' herein named and/or unnamed, jointly, severally, concurrently and/or individually, to commit suicide. Decedent HAMILTON was ridiculed, ignored and treated disparagingly by each and/or all of the defendants' herein named and/or unnamed, jointly, severally, concurrently and/or individually, and was ultimately even given very materials, namely non-tear-away bedsheets and clothing, in which he could and did use to hang himself. Decedent HAMILTON was placed in solitary confinement, where he remained, unmonitored, unsupervised and uncared for, until his tragic, untimely and preventable death on March 18, 2017. Defendants acted with deliberate indifference and knew of the substantial risk

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM
NYSCEF DOC. NO. 5

INDEX NO. 28536/2018E
RECEIVED NYSCEF: 07/23/2018

safety and/or health risk was to himself and failed to follow correctional facility procedures and directives.

27.     Additionally, while in solitary confinement, each and/or all of the defendants' herein named and/or unnamed, jointly, severally, concurrently and/or individually, knowingly refused to provide decedent HAMILTON with meals for a period of time in excess of 24 hours; knowingly refused to allow the decedent HAMILTON his access to recreation time in excess of 24 hours; failed to accurately supervise and assess decedent HAMILTON's mental state while on suicide watch; improperly and prematurely removed decedent HAMILTON from suicide watch; denied decedent HAMILTON's right to recreation; "wet" i.e. spray a fire extinguisher into Decedent HAMILTON's cell when he objected to this treatment; decreased decedent HAMILTON's cell temperatures to ensure discomfort and limit his ability to converse with other inmates; goaded and encouraged decedent HAMILTON to commit suicide; failed to properly provide decedent HAMILTON with proper bedsheets and/or clothing which would not tear; failed to promptly come to the aid of decedent HAMILTON when he was in need of medical attention; and failed to provide 24-hour supervision, which is precedent for all inmates who express suicidal ideations.

28.     Upon the decedent's death each and/or all of the defendants' herein named and/or unnamed, jointly, severally, concurrently and/or individually failed to follow correctional facility procedures and directives, including but not limited to the failure to notify Claimant, ADMINISTRATOR, or in fact any family member, of decedent HAMILTON's death.  In doing so, and contrary to its own directives, each and/or all of the defendants' herein named and/or unnamed, jointly, severally, concurrently and/or individually, failed to give decedent HAMILTON's family the opportunity to grieve and/or the opportunity to decide what to do with

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM

NYSCEF DOC. NO. 5

INDEX NO. 28536/2018E

RECEIVED NYSCEF: 07/23/2018

the remains, in violation of the Department of Correction and Community Supervision Directive #4013(ii)(D).

29.     Upon information and belief, all of the wrongful acts and omissions by each and/or all of the defendants' herein named and/or unnamed, jointly, severally, concurrently and/or individually, were carried out with full knowledge, consent, deliberate indifference and cooperation and under the supervisory authority of each and/or all of the defendants, STATE and/or MARCY and/or DOCCS, jointly, severally, concurrently and/or individually.

30.     Upon information and belief, each and/or all of the defendants, STATE and/or MARCY and/or DOCCS, jointly, severally, concurrently and/or individually, by their policy-making agents, servants and employees, authorized, sanctioned and/or ratified the wrongful acts and omissions of the defendants named and/or unnamed herein, and/or any or all of them; and/or failed to prevent and/or stop these acts and omissions; and/or allowed and/or encouraged these acts and omissions to continue.

31.     Moreover, upon information and belief, the acts and omissions of each and/or all of the defendants' herein named and/or unnamed, jointly, severally, concurrently and/or individually, resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of each and/or all of the defendants' herein named and/or unnamed, jointly, severally, concurrently and/or individually, which is implemented by each and/or all of the defendants' herein named and/or unnamed, jointly, severally, concurrently and/or individually, inter alia: to summarily, without efforts to explain or conciliate, punish persons who question the manner, authority or directives and/or who do not capitulate to every demand, whether proper or improper, made by those in authority, including the defendants named and/or unnamed herein, and/or any or all of them.

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM

NYSCEF DOC. NO. 5

INDEX NO. 28536/2018E

RECEIVED NYSCEF: 07/23/2018

32.     Upon information and belief, the existence of such de facto policies and/or well-settled and widespread customs and practices has been known to supervisory and policymaking officers and officials of each and/or all of the defendants' herein named and/or unnamed, jointly, severally, concurrently and/or individually, for a substantial period of time.

33.     Upon information and belief, despite knowledge of such illegal de facto policies, customs and practices, the supervisory and policy-making officers and officials of each and/or all of the defendants' herein named and/or unnamed, jointly, severally, concurrently and/or individually, not taken steps to terminate these policies, customs and practices; have not disciplined individuals who engage in such customs and practices; have not otherwise properly trained agents, servants and/or employees with regard to the constitutional and statutory limits on the exercise of their authority; and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to, or negligent disregard of, the effect of said policies, customs and practices.

34.     Upon information and belief, the knowing and repeated failure of each and/or all of the defendants' herein named and/or unnamed, jointly, severally, concurrently and/or individually, to properly supervise, train and discipline agents, servants and/ employees, actually caused the death of decedent HAMILTON.

35.     Upon information and belief, each and/or all of the defendants' herein named and/or unnamed, jointly, severally, concurrently and/or individually, knew or should have known that the acts alleged herein would deprive decedent HAMILTON of his rights and life without due process of law, in violation of the Eighth and Fourteenth Amendments to the United States Constitution and Article 1, Sections 5 and 11 of the Constitution of the State of New York, including, without

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM

NYSCEF DOC. NO. 5

INDEX NO. 28536/2018E

RECEIVED NYSCEF: 07/23/2018

limitation, decedent's rights to equal protection of the laws, and equal privileges and immunities under the laws.

**AS AND FOR A SECOND CAUSE OF ACTION
AGAINST STATE, DOCCS, MARCY, CO MEAD, CO ZEINA,
CO COPPOLA, SGT. MARSHALL, NP TOURTELOT, COUNSELLOR CALATO, MR.
SMITH and RICHARD and/or RACHEL DOE
-WRONGFUL DEATH, NY EPTL § 5-4.1-**

36.    Claimant, ADMIINSTRATOR hereby realleges and incorporates by reference each and every allegation numbered "1" through "36" above as if fully set forth herein.

37.    On March 18, 2016, decedent Hamilton hanged himself at defendant facility, MARCY.  As noted above, decedent HAMILTON clearly made it known that he was going to commit suicide, attempted suicide by hanging on March 15, 2016 and had suicidal ideations; thereby making it known to all defendants that he was a substantial suicide risk.  Decedent HAMILTON was placed on suicide watch on March 16, 2017; however, despite his long history of depression, suicidal ideations, history of self-harm/mutilation, history of use of prescription anti-psychotic/anti-depressant medications and despite each and/or all of the defendants' STATE, DOCCS, MARCY, CO MEAD, CO ZEINA, CO COPPOLA, SGT. MARSHALL, NP TOURTELOT, COUNSELLOR CALATO, MR. SMITH and JOHN and/or JANE DOE, jointly, severally, concurrently and/or individually, being aware of the serious and substantial risk that decedent HAMILTON would harm himself, and despite decedent HAMILTON's numerous pleas for help, each and/or all of the defendants' STATE, DOCCS, MARCY, CO MEAD, CO ZEINA, CO COPPOLA, SGT. MARSHALL, NP TOURTELOT, COUNSELLOR CALATO, MR. SMITH and JOHN and/or JANE DOE, jointly, severally, concurrently and/or individually, failed to protect decedent HAMILTON from himself. Decedent HAMILTON was prematurely taken off

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM
NYSCEF DOC. NO. 5

INDEX NO. 28536/2018E
RECEIVED NYSCEF: 07/23/2018

suicide watch within one day, on March 17, 2016, was taunted, goaded and encouraged by each and/or all of the defendants STATE, DOCCS, MARCY, CO MEAD, CO ZEINA, CO COPPOLA, SGT. MARSHALL, NP TOURTELOT, COUNSELLOR CALATO, MR. SMITH and JOHN and/or JANE DOE, jointly, severally, concurrently and/or individually, to commit suicide. Decedent HAMILTON was ridiculed, ignored and treated disparagingly by each and/or all of the defendants STATE, DOCCS, MARCY, CO MEAD, CO ZEINA, CO COPPOLA, SGT. MARSHALL, NP TOURTELOT, COUNSELLOR CALATO, MR. SMITH and JOHN and/or JANE DOE, jointly, severally, concurrently and/or individually, and was ultimately even given very materials, namely non-tear-away bedsheets and clothing, in which he could and did use to hang himself. Decedent HAMILTON was placed in solitary confinement, where he remained, unmonitored, unsupervised and uncared for, until his tragic, untimely and preventable death on March 18, 2016.

38.    The aforesaid occurrence and resultant death to decedent HAMILTON was caused solely by reason of the carelessness, recklessness and negligence of each and/or all of the defendants STATE, DOCCS, MARCY, CO MEAD, CO ZEINA, CO COPPOLA, SGT. MARSHALL, NP TOURTELOT, COUNSELLOR CALATO, MR. SMITH and JOHN and/or JANE DOE, jointly, severally, concurrently and/or individually, without any carelessness, recklessness and negligence whatsoever on the part of decedent HAMILTON, in any way contributing thereto.

39.    The negligence of each and/or all of the defendants STATE, DOCCS, MARCY, CO MEAD, CO ZEINA, CO COPPOLA, SGT. MARSHALL, NP TOURTELOT, COUNSELLOR CALATO, MR. SMITH and JOHN and/or JANE DOE, jointly, severally, concurrently and/or individually, consisted of the intentional, improper and inhumane treatment

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM          INDEX NO. 28536/2018E
NYSCEF DOC. NO. 5                                      RECEIVED NYSCEF: 07/23/2018

of decedent HAMILTON; failing and neglecting to follow and use the proper, accepted and well known procedures and directives; negligently, carelessly and recklessly failing to adequately, accurately and properly observe and assess decedent HAMILTON's mental health and mental state; improperly and prematurely removing decedent HAMILTON from suicide watch; failing to properly conduct a reasonable examination of decedent HAMILTON, despite his known suicidal tendencies; failing to ascertain and monitor certain risks to decedent HAMILTON, despite his pleas for help; failure to properly and adequately supervise, train and discipline each and/or all of the individual defendants STATE, DOCCS, MARCY, CO MEAD, CO ZEINA, CO COPPOLA, SGT. MARSHALL, NP TOURTELOT, COUNSELLOR CALATO, MR. SMITH and JOHN and/or JANE DOE, jointly, severally, concurrently and/or individually; willfully, maliciously and recklessly placing decedent HAMILTON in a dangerous and/or fatal situation; and causing and/or permitting the conditions that brought about the tragic, untimely and preventable death of decedent HAMILTON.

40.    By reason of the foregoing, decedent HAMILTON suffered great pain and physical and mental anguish as a result of the acts and omissions of each and/or all of the defendants STATE, DOCCS, MARCY, CO MEAD, CO ZEINA, CO COPPOLA, SGT. MARSHALL, NP TOURTELOT, COUNSELLOR CALATO, MR. SMITH and JOHN and/or JANE DOE, jointly, severally, concurrently and/or individually, and was caused to and did take his own life as a direct result of the carelessness, recklessness, deliberate indifference and negligence of each and/or all of the defendants STATE, DOCCS, MARCY, CO MEAD, CO ZEINA, CO COPPOLA, SGT. MARSHALL, NP TOURTELOT, COUNSELLOR CALATO, MR. SMITH and JOHN and/or JANE DOE, jointly, severally, concurrently and/or individually, all of which was without any fault on the part of decedent HAMILTON in any way contributing thereto.

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM
NYSCEF DOC. NO. 5

INDEX NO. 28536/2018E
RECEIVED NYSCEF: 07/23/2018

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST STATE, DOCCS, MARCY, CO MEAD, CO ZEINA,
### CO COPPOLA, SGT. MARSHALL, NP TOURTELOT, COUNSELLOR CALATO, MR.
### SMITH and RICHARD and/or RACHEL DOE
### -FEDERAL CONSTITUTIONAL VIOLATIONS-

41.    Claimant, ADMIINSTRATOR hereby realleges and incorporates by reference each and every allegation numbered "1" through "41" above as if fully set forth herein.

42.    Each and/or all of the defendants STATE, DOCCS, MARCY, CO MEAD, CO ZEINA, CO COPPOLA, SGT. MARSHALL, NP TOURTELOT, COUNSELLOR CALATO, MR. SMITH and JOHN and/or JANE DOE, jointly, severally, concurrently and/or individually, subjected decedent HAMILTON to the foregoing acts and omissions without due process of law and in violation of 42 U.S.C. Section 1983, thereby depriving Decedent of his rights, privileges and immunities secured by the Eighth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights:

a.    freedom from cruel and unusual punishment; and

b.    Due process, equal protection, privileges and immunities under the laws.

43.    This deprivation by each and/or all of the defendants, STATE, DOCCS, MARCY, CO MEAD, CO ZEINA, CO COPPOLA, SGT. MARSHALL, NP TOURTELOT, COUNSELLOR CALATO, MR. SMITH and JOHN and/or JANE DOE, jointly, severally, concurrently and/or individually, of decedent HAMILTON's constitutional rights resulted in the death of decedent HAMILTON as set forth herein. As stated above in paragraphs 1 through 40, the defendants were well aware of the substantial risk of harm decedent was to himself and acted with intentional and/or deliberate indifference which deprived him of his constitutional rights to adequate conditions of confinement, food, clothing, shelter and medical care.

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM

NYSCEF DOC. NO. 5

INDEX NO. 28536/2018E

RECEIVED NYSCEF: 07/23/2018

### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST STATE, DOCCS, MARCY, CO MEAD, CO ZEINA,
### CO COPPOLA, SGT. MARSHALL, NP TOURTELOT, COUNSELLOR CALATO, MR.
### SMITH and RICHARD and/or RACHEL DOE
### -STATE CONSTITUTIONAL VIOLATIONS-

44.    Claimant, ADMINISTRATOR hereby alleges and incorporates by reference each and every allegation numbered "1" through "44" above as if fully set forth herein.

45.    Each and/or all of the defendants STATE, DOCCS, MARCY, CO MEAD, CO ZEINA, CO COPPOLA, SGT. MARSHALL, NP TOURTELOT, COUNSELLOR CALATO, MR. SMITH and JOHN and/or JANE DOE, jointly, severally, concurrently and/or individually, subjected decedent HAMILTON to the foregoing acts and omissions in violation of New York State Constitution, Article I, Sections 5 and 11, including, without limitation, deprivation of the following state rights:

        a.    freedom from cruel and unusual punishment; and

        b.    Due process and equal protection, privileges and immunities under the laws.

46.    This deprivation by each and/or all of defendants STATE, DOCCS, MARCY, CO MEAD, CO ZEINA, CO COPPOLA, SGT. MARSHALL, NP TOURTELOT, COUNSELLOR CALATO, MR. SMITH and JOHN and/or JANE DOE, jointly, severally, concurrently and/or individually, of decedent HAMILTON's constitutional rights resulted in the death of decedent HAMILTON as set forth herein. As stated above in paragraphs 1 through 40, the defendants were well aware of the substantial risk of harm decedent was to himself and acted with deliberate indifference which deprived him of his constitutional rights to adequate conditions of confinement, food, clothing, shelter and medical care.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST MARCY,
### DOCCS and STATE
### -MONELL CLAIM-

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM
NYSCEF DOC. NO. 5

INDEX NO. 28536/2018E
RECEIVED NYSCEF: 07/23/2018

47.     Claimant, ADMINISTRATOR hereby alleges and incorporates by reference each and every allegation numbered "1" through "47" above as if fully set forth herein.

48.     Upon information and belief, each and/or all of the defendants MARCY, DOCCS and/or STATE, jointly, severally, concurrently and/or individually, by and through its policymakers, created and maintained a custom, policy and/or practice of failing to adequately train, supervise and discipline its agents, servants and/or employees, including the named and unnamed defendants in this Verified Claim.

49.     Each and/or all of the defendants MARCY, DOCCS and/or STATE, jointly, severally, concurrently and/or individually, had actual or constructive notice of its failures to train, supervise and discipline its employees. This is because each and/or all of the defendants MARCY, DOCCS and/or STATE, jointly, severally, concurrently and/or individually, knew that it was foreseeable that agents, servants and/or employees would confront situations such as that described herein and that without the necessary training, supervision and discipline, constitutional violations and negligence would result; yet each and/or all of the defendants MARCY, DOCCS and/or STATE, jointly, severally, concurrently and/or individually, chose not to provide such training, supervision and discipline.

50.     This failure to train, supervise and discipline amounted to gross negligence, deliberate indifference or intentional misconduct, and encouraged and/or permitted each and/or all of the defendants MARCY, DOCCS and/or STATE, jointly, severally, concurrently and/or individually, to engage in the conduct which proximately and directly caused Decedent HAMILTON's death.

### AS AND FOR A SIXTH CAUSE OF ACTION
### AGAINST STATE, DOCCS, MARCY, CO MEAD, CO ZEINA, CO COPPOLA, SGT. MARSHALL, NP TOURTELOT, COUNSELLOR CALATO, MR. SMITH and RICHARD and/or RACHEL DOE

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM

NYSCEF DOC. NO. 5

INDEX NO. 28536/2018E

RECEIVED NYSCEF: 07/23/2018

## -NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS-

51.     Claimant, ADMINISTRATOR hereby alleges and incorporates by reference each and every allegation numbered "1" through "51" above as if fully set forth herein.

52.     That at all times hereinafter mentioned, each and/or all of defendants STATE, DOCCS, MARCY, CO MEAD, CO ZEINA, CO COPPOLA, SGT. MARSHALL, NP TOURTELOT, COUNSELLOR CALATO, MR. SMITH and JOHN and/or JANE DOE, jointly, severally, concurrently and/or individually, knew and/or should have known that the conduct described herein would and did proximately result in physical and emotional distress to decedent, HAMILTON and each and/or all of defendants STATE, DOCCS, MARCY, CO MEAD, CO ZEINA, CO COPPOLA, SGT. MARSHALL, NP TOURTELOT, COUNSELLOR CALATO, MR. SMITH and JOHN and/or JANE DOE, jointly, severally, concurrently and/or individually, had the power, authority and duty to stop engaging in the conduct described herein and/or to intervene to prevent or prohibit such conduct.

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST STATE, DOCCS, MARCY, CO MEAD, CO ZEINA, CO COPPOLA, SGT. MARSHALL, NP TOURTELOT, COUNSELLOR CALATO, MR. SMITH and RICHARD and/or RACHEL DOE -INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS-

53.     Claimant, ADMINISTRATOR hereby alleges and incorporates by reference each and every allegation numbered "1" through "53" above as is fully set forth herein.

54.     That at all times hereinafter mentioned, each and/or all of defendants STATE, DOCCS, MARCY, CO MEAD, CO ZEINA, CO COPPOLA, SGT. MARSHALL, NP TOURTELOT, COUNSELLOR CALATO, MR. SMITH and JOHN and/or JANE DOE, jointly, severally, concurrently and/or individually, by their aforementioned acts, did intentionally,

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM
NYSCEF DOC. NO. 5

INDEX NO. 28536/2018E
RECEIVED NYSCEF: 07/23/2018

willfully and knowingly cause plaintiff to suffer mental anguish, emotional distress and pain and suffering and eventual death.

55.      Each and/or all of defendants STATE, DOCCS, MARCY, CO MEAD, CO ZEINA, CO COPPOLA, SGT. MARSHALL, NP TOURTELOT, COUNSELLOR CALATO, MR. SMITH and JOHN and/or JANE DOE, jointly, severally, concurrently and/or individually, committed the foregoing acts intentionally, willfully and with malicious disregard for decedent HAMILTON's rights and life and are therefore liable for punitive damages.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## AGAINST REV. DUNMORE and SUPT. KINDERMAN
### -LOSS OF SEPULCHER-

56.      Claimant, ADMINISTRATOR hereby alleges and incorporates by reference each and every allegation numbered "1" through "56" above as is fully set forth herein.

57.      Defendants STATE, MARCY, DOCCS, REV. DUNMORE and/or SUPT. KINDERMAN, upon the decedent's death each and/or all of the defendants' herein named and/or unnamed, jointly, severally, concurrently and/or individually failed to follow correctional facility procedures and directives, including but not limited to the failure to notify Claimant, ADMINISTRATOR, or in fact any family member, of decedent HAMILTON's death.  In doing so, and contrary to its own directives, each and/or all of the defendants' herein named and/or unnamed, jointly, severally, concurrently and/or individually, failed to give decedent HAMILTON's family the opportunity to grieve and/or the opportunity to decide what to do with the remains, in violation of the Department of Correction and Community Supervision Directive #4013(ii)(D).  The aforementioned negligent acts did deprive the Claimant, ADMINISTRTOR of his right of sepulcher and caused Claimant, ADMINISTRATOR to suffer mental and emotional distress, pain and suffering, and damage.

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM

NYSCEF DOC. NO. 5

INDEX NO. 28536/2018E

RECEIVED NYSCEF: 07/23/2018

58.     Defendants STATE, MARCY, DOCCS, REV. DUNMORE, MR. SMITH and/or

SUPT. KINDERMAN, did bury the decedent HAMILTON'S body on MARCY grounds without

the knowledge of authority of the next of kin.  The body was buried unembalmed leading to

premature decay, decomposition and disfigurement.  The family was not made aware of the

decedent's demise until May of 2016 upon their own investigation. Defendants STATE, MARCY,

DOCCS, REV. DUNMORE, MR. SMITH and/or SUPT. KINDERMAN knowingly failed to

provide the family with information about decedent HAMILTON'S death and forced them to

undergo legal actions to exhume and take possession of the body causing further emotional damage

to the family and/or ADMINISTRATOR.  The aforementioned negligent and/or intentional acts

did deprive the Claimant, ADMINISTRTOR of his right of sepulcher and caused Claimant,

ADMINISTRATOR to suffer mental and emotional distress, pain and suffering, and damage.

59.     Defendants STATE, MARCY, DOCCS, REV. DUNMORE, MR. SMITH and/or

SUPT. KINDERMAN, from and after March 18, 2016, while in custody of the body of decedent

HAMILTON did carelessly, negligently, knowingly and intentionally mishandle, mistreat and/or

mutilate the body of decedent HAMILTON, causing the body to become disfigured and/or

decomposed. The aforementioned negligent acts did deprive the Claimant, ADMINISTRTOR of

his right of sepulcher and caused Claimant, ADMINISTRATOR to suffer mental and emotional

distress, pain and suffering, and damage.

60.     That as a result of the foregoing, Claimant, ADMINISTRSTOR has been damaged

in a sum exceeding the jurisdictional limits of any other Court which would have jurisdiction over

this action, together with Punitive and/or Exemplary Damages.

**WHEREFORE,** the Claimants demand judgment against each and/or all of defendants,

STATE, DOCS, MARCY, CO MEAD, CO ZEINA, CO COPPOLA, SGT. MARSHALL, NP

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM

NYSCEF DOC. NO. 5

INDEX NO. 28536/2018E

RECEIVED NYSCEF: 07/23/2018

TOURTELOT, COUNSELLOR CALATO, REV. DUNMORE, SPT. KINDERMAN, MR. SMITH and JOHN and/or JANE DOE, jointly, severally, concurrently and/or individually, the amount sought on the First through Eighth Causes of Action being in excess of the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction, in amounts to be determined upon the trial of this action, together with costs and disbursements of this action, and with interest from the date of this occurrence.

Dated: Bronx, New York
       February 16, 2017

Yours, etc.,

RICHARD L. GIAMPA, ESQ., P.C.
*Attorney for Plaintiff*
ESTATE OF LONNIE LAMONT
HAMILTON and LONNIE LEE
HAMILTON, individually and as
Administrator of the Estate
860 Grand Concourse - Suite 1H
Bronx, New York 10451
(718) 665-7700

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM
NYSCEF DOC. NO. 5

INDEX NO. 28536/2018E

RECEIVED NYSCEF: 07/23/2018

## STATEMENT PURSUANT TO 22 NYCRR 130-1.1

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: Bronx, New York
February 16, 2017

RICHARD L. GIAMPA, ESQ., P.C.
*Attorney for Plaintiff*
ESTATE OF LONNIE LAMONT
HAMILTON and LONNIE LEE
HAMILTON, Individually and as
Administrator of the Estate
860 Grand Concourse - Suite 1H
Bronx, New York 10451
(718) 665-7700

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM

NYSCEF DOC. NO. 5

INDEX NO. 28536/2018E
RECEIVED NYSCEF: 07/23/2018

## VERIFICATION

STATE OF NEW YORK      )

COUNTY OF BRONX      ) ss.:

LONNIE LEE HAMILTON, being duly sworn, deposes and states:

I am the Administrator of the Estate of decedent, LONNIE LAMONT HAMILTON, in the within matter. I have read the annexed Complaint and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.

LONNIE LEE HAMILTON

Sworn to before me this 16

day of February , 2017

Notary Public
Denise F. Maldonado
NOTARY PUBLIC-STATE OF NEW YORK
No. 01MA6261643
Qualified in Bronx County
My Commission Expires 5/14/2020

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM

NYSCEF DOC. NO. 6

INDEX NO. 28536/2018E

RECEIVED NYSCEF: 07/23/2018

# Exhibit "D"

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM
NYSCEF DOC. NO. 6

INDEX NO. 28536/2018E
RECEIVED NYSCEF: 07/23/2018

STATE OF NEW YORK
COURT OF CLAIMS

--------------------------------------------------------------------x

ESTATE OF LONNIE LAMONT HAMILTON, and
LONNIE LEE HAMILTON, Individually and as
Administrator of Estate,

                Claimants,

Claim No.:   129318

-against-

STIPULATION OF PARTIAL
DISCONTINUANCE

THE STATE OF NEW YORK, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION, MARCY
CORRECTIONAL FACILITY, C.O. JOSEPH MEAD,
C.O. ALFRED ZEINA, C.O. COLLEEN COPPOLA,
SERGEANT KEITH MARSHALL, N.P. KAREN
TOURTELOT, R.C. II JULIE CALATO, REVEREND
SHERMAN DUNMORE, SUPERINTENDANT MARK
KINDERMAN, MR. SMITH (whose name is unknown
but who is known to be a counsellor and employee
working at Marcy Correctional Facility in SHU from
March 16-18, 2016), and JOHN DOES and/or JANE
DOES A, B, C, Etc. (whose names are unknown, but who
are known to be corrections officers and employees
working at Marcy Correctional Facility in SHU from
March 16-18, 2016),

                Defendants.

--------------------------------------------------------------------x

> FILED
>
> JUN 28 2018
>
> STATE COURT OF CLAIMS
> ALBANY, N.Y.

      IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, the

attorneys of record for the parties to the above entitled action, that whereas no party hereto is an

infant or incompetent person for whom a committee has been appointed, and no person not a

party has an interest in the subject matter of the action, the above-entitled action, together with all

cross-claims, be and the same is hereby discontinued without prejudice, as to Defendants, NEW

YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION,

MARCY CORRECTIONAL FACILITY, C.O. JOSEPH MEAD, C.O. ALFRED ZEINA, C.O.

COLLEEN COPPOLA, SERGEANT KEITH MARSHALL, N.P. KAREN TOURTELOT, R.C.

RECEIVED JUL 1 2 2018

RECEIVED JUL 1 2 2018

1

FILED: BRONX COUNTY CLERK 07/23/2018 04:11 PM

NYSCEF DOC. NO. 6

INDEX NO. 28536/2018E
RECEIVED NYSCEF: 07/23/2018

II JULIE CALATO, REVEREND SHERMAN DUNMORE, SUPERINTENDANT MARK KINDERMAN, MR. SMITH in their official capacity only, without costs to any party as against the other. The Claims against defendant, STATE OF NEW YORK, are not being discontinued except for the following;

IT IS FURTHER STIPULATED AND AGREED, that only the Third Cause of Action (Federal Constitutional Violations); the Fifth Cause of Action (Monell Claim); and the Seventh Cause of Action (Intentional Infliction of Emotional Distress) in the above-entitled claim, together with the claim for punitive damages, be and the same is hereby withdrawn and discontinued without prejudice as to the State of New York. All remaining causes of actions (Negligent Supervision; Wrongful Death; State Constitutional Violations; Negligent Infliction of Emotional Distress; and Loss of Sepulcher) are not discontinued or abandoned.

This stipulation may be filed without further notice with the Clerk of the Court and a facsimile/copy of the stipulation shall have the same force and effect as the original.

Dated: June 13, 2018

BARBARA D. UNDERWOOD
Attorney General for the State of New York

By: _____
Sean B. Virkler, Esq.
*Assistant Attorney General*
*Attorneys for Defendants*
207 Genesee Street, Suite 508
Utica, NY 13501
(315) 864-2000

RICHARD L. GIAMPA, ESQ., P.C.

By: _____
Zachary Giampa, Esq.
*Attorneys for Plaintiff*
860 Grand Concourse, Suite 1H
Bronx, NY 10451
(718) 665-7700

2